IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JARED GRANT FOX MCLEOD** | § | |
| | § | 1:22-CV-1200-RP-SH |
| v. | § | 1:20-CR-00285(1)-RP |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Jared Grant Fox McLeod's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed November 14, 2022 (Dkt. 40). ). On November 14, 2022, the District Court referred the Motion to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for the Honorable Robert Pitman issued February 21, 2020.

### I.   Background

On January 28, 2021, Jared Grant Fox McLeod ("Movant") was indicted on a charge of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) (Count One). Dkt. 3 in 1:20-CR-00285-RP. On January 28, 2021, Movant pled guilty to the sole count of the Indictment. Dkt. 18 ("Plea Agreement"). As part of his Plea Agreement, Movant waived his right to file a direct appeal or a collateral attack on his conviction or sentence except with regard to ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 4-5. On July 22, 2021, the District Court sentenced Movant to 18 months imprisonment, followed by a five-year term of

supervised release, and ordered him to pay a $100 special assessment. Judgment and Commitment. Dkt. 32. Movant did not file a direct appeal.

On November 14, 2022, Movant filed the instant Motion to Vacate his sentence under 28 U.S.C. § 2255, contending that his five-year term of supervised release violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

## II.   Analysis

Movant's § 2255 Motion is barred by the statute of limitations and his Plea Agreement, and also fails on the merits.

### A.  One-Year Period of Limitations

Movant's § 2255 Motion is time-barred under the statute's one-year statute of limitations applicable to motions under § 2255. Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as in "most cases," the operative date from which the limitation period is measured will be the one identified in § 2255(f)(1): "the date on which the judgment of conviction becomes

final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting § 2255(f)(1)). The District Court entered Judgment on July 22, 2021. Dkt. 32. Movant did not file a direct appeal. "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) (citing *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008)). Thus, Movant's conviction became final on August 5, 2021, fourteen days after entry of judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed . . . ."); *United States v. Duran*, 934 F.3d 407, 410 (5th Cir. 2019). The limitation period for seeking § 2255 relief therefore commenced on that date, and Movant's § 2255 Motion was due by August 5, 2022. *Plascencia*, 537 F.3d at 390. Because Movant did not file[1] his § 2255 Motion until November 11, 2022, the Motion is untimely under § 2255(f)(1). *Id.*

While the one-year period of limitations in § 2255 is not jurisdictional and may be equitably tolled in "rare and exceptional circumstances,"[2] Movant has asserted no such rare and exceptional circumstances to warrant equitable tolling.

**B. Plea Agreement**

As part of his Plea Agreement, Movant "voluntarily and knowingly waive[d] any right to contest the conviction or sentence (or the manner in which the sentence was determined) in any post-conviction proceeding, including any proceeding pursuant to 28 U.S.C. § 2255," except with regard to claims of ineffective assistance of counsel or prosecutorial misconduct. Dkt. 18 at 5. A

---

[1] Although Movant's § 2255 Motion was not filed with the Clerk of the Court until November 14, 2022, Movant appears to have mailed the Motion on November 11, 2022. Dkt. 40 at 24. "Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019); *see also* Rules Governing Section 2255 Proceedings in the United States District Courts 3(d).

[2] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).

collateral-review waiver of this type is enforceable if it "was knowing and voluntary" and "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). After reviewing the record, the Court finds that Movant's plea was knowing and voluntary and bars this § 2255 Motion.

### C. Movant's Claim Fails on the Merits

Even if Movant's § 2255 Motion was not procedurally barred, his Motion fails on the merits. As noted, the District Court sentenced Movant to 18 months imprisonment to be followed by a five-year term of supervised release. Movant argues that his term of supervised release "unlawfully" extended his sentence in violation of the Double Jeopardy Clause of the Fifth Amendment. "The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Sealed Appellee v. Sealed Appellant*, 825 F.3d 247, 255 (5th Cir. 2016).

A period of supervised release is part of the defendant's sentence rather than a sentence that is distinct from the sentence of imprisonment. *See* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."); *United States v. Benbrook*, 119 F.3d 338, 341 n. 10 (5th Cir. 1997) ("A period of supervised release is part of the defendant's sentence."). Therefore, a sentence of imprisonment followed by a term of supervised release does not constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause. *See Summons v. United States*, No. A-17-CR-249-SS, 2019 WL 830965, at *4 (W.D. Tex. Feb. 21, 2019) (rejecting movant's claim that term of supervised release violated Double Jeopardy Clause "[b]ecause a sentence of imprisonment

4

followed by a term of supervised release does not, as a matter of law, constitute multiple punishments for the same offense"); *United States v. Reynoso*, No. C.A. 10-0115, 2013 WL 1092136, at *1 (W.D. La. Mar. 14, 2013) ("A sentence of imprisonment followed by a term of supervised release does not constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause."); *United States v. Linares-Tabora*, No. CIV. A. H-07-3068, 2007 WL 3118184, at *6 (S.D. Tex. Oct. 22, 2007) (same). Accordingly, the District Court's sentence did not violate the Double Jeopardy Clause.

### III.     Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 40) as barred under the one-year time limitation under 28 U.S.C. § 2255(f)(1) and the Movant's Plea Agreement.

### IV.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The Court further held:

When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the dismissal of Movant' § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve

6

encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it is recommended that a certificate of appealability not be issued.

**SIGNED** on December 8, 2022.

                                                              SUSAN HIGHTOWER
                                                            UNITED STATES MAGISTRATE JUDGE